UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CLIVE TAYLOR,

                                Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1-2,

                              Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 683 (RJH) (HP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from a July 9, 2005 incident in which two members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings. Plaintiff does not have a criminal record.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer John Doe 1 is a member of the NYPD who was involved in the police action taken against plaintiff on July 9, 2005. John Doe 1 is white, tall, and in his 30s. John Doe 1 is sued in his individual capacity.

7. Police Officer John Doe 2 is a member of the NYPD who was involved in the police action taken against plaintiff on July 9, 2005. John Doe 2 is black, tall, and in his 30s. John Doe 2 is sued in his individual capacity.

## STATEMENT OF FACTS

8. During the evening of July 9, 2005, while plaintiff was lawfully standing on Martense Avenue between Bedford and Flatbush Avenues in Brooklyn, New York, two police officers, sued herein as John Does 1 and 2, seized and searched plaintiff without cause.

9. In the course of arresting plaintiff, the officers, acting in concert, illegally slammed the unresisting plaintiff against a fence and handcuffed plaintiff excessively tight causing marks to plaintiff's wrists and interfering with plaintiff's circulation.

10. Plaintiff complained to the officers that the handcuffs were too tight. John Doe 1 responded by illegally lifting up plaintiff's arms causing the handcuffs to become tighter.

11. Thereafter, the officers placed plaintiff in a police car and took plaintiff to the 70th Precinct for arrest processing.

12. In the 70th Precinct, John Doe 2 illegally strip searched plaintiff and ordered plaintiff to squat and cough.

13. In the early morning hours of July 10, 2005, the police took plaintiff to Central Booking to await arraignment.

14. While plaintiff was awaiting arraignment, John Doe 1 or 2 met with an Assistant District Attorney.

15. The officer misrepresented to the Assistant District Attorney that plaintiff was found in possession of marijuana.

16. At no time was plaintiff in actual or constructive possession of marijuana.

17. As a result of the officer's misrepresentation, criminal charges were filed against plaintiff.

18. Plaintiff was arraigned on July 10, 2005.

19. During the arraignment, the charges filed against plaintiff were dismissed.

20. As a result of defendants' actions, plaintiff experienced pain, physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, a loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-2**

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The conduct of Police Officers John Does 1-2, as described herein, amounted to false arrest, excessive force, and fabrication of evidence. This conduct violated

plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The City of New York directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its employees, including the John Doe defendants, are unfit, poorly trained, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

        d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     January 25, 2007
                Brooklyn, New York

                                      CARDINALE & MARINELLI
                                      26 Court Street, Suite 1815
                                      Brooklyn, New York 11242
                                      (718) 624-9391

                                      By:

                                      *Richard J. Cardinale*
                                      _____
                                      RICHARD J. CARDINALE (RC-8507)